UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DAVID MCCLOSKEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV422-246 |
| ) | |
| FLOWERS, ACTING WARDEN, ) | |
| and the UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondents. ) | |

## ORDER

*Pro se* petitioner David McCloskey has filed what purports to be a petition pursuant to 28 U.S.C. § 2241.  *See* doc. 1.  The Court will, therefore, proceed to screen the petition.  *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]  The Clerk notified him that he had failed to pay the required filing fee.  *See* doc. 2.  However, for the reasons discussed below, it is clear that McCloskey's

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

Petition can only proceed, in this Court at least, as a motion pursuant to 28 U.S.C. § 2255, which requires no filing fee.² As discussed in more detail below, the Court, therefore, provides the warning required by *Castro v. United States*, 540 U.S. 375, 282 (2003). McCloskey must elect how to proceed.

## I. Request to File Under Seal

As a preliminary matter, McCloskey's Petition includes a request to "seal all actions on this case in respects to case # CR418-260." Doc. 1 at 8. He provides no argument for sealing this case or any portion of it. The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern [Cit.] and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotation marks and alterations omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and

---

² Payment of the filing fee is not jurisdictional. *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020). Since there is no filing fee for a motion pursuant to 28 U.S.C. § 2255, and the Court lacks jurisdiction over McCloskey's Petition, construed as a § 2241 petition, the Clerk's direction is **STAYED**, doc. 2, pending McCloskey's election, discussed below.

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).  "[T]he common-law right of access includes the right to inspect and copy public records and documents."  *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")).

A party can overcome the common-law right of access by a showing of good cause.  *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021).  A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential."  *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309).  In weighing these competing interests, the Court considers "a number of important questions":

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.  Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents.  Indeed, a court should consider whether the

3

records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted).

The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315. In the absence of any stated or apparent reason to maintain any material under seal, McCloskey has failed to establish good cause, and his request to "seal all actions on this case . . ." is **DENIED**. As discussed below, McCloskey will have an opportunity to respond before the Petition is recharacterized as a § 2255 motion and docketed in his criminal case, CR418-260-1. If he contends that any material is properly sealed, he is free to move to seal that material within the time provided for him to make his *Castro* election, as discussed below.

4

## II. McCloskey's Petition

McCloskey's Petition states that he was convicted by this Court in 2019. *See* doc. 1 at 1; *see also United States v. McCloskey*, CR418-260-1, doc. 1088 (S.D. Ga. Aug. 2, 2019) (Judgment). The record in his criminal case indicates that he pleaded guilty to one count of conspiracy to posses with intent to distribute, and to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). CR418-260-1, doc. 1088 at 1. He was sentenced to a total of 165 months of imprisonment on both counts and a five-year term of supervised release. *Id.* at 2-3. He is currently incarcerated at the Federal Prison Camp in Butner, North Carolina. *See* doc. 1 at 1.

"Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The language of § 2241 has been interpreted to limit jurisdiction over such petitions to the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he

should name his warden as respondent and file the petition in the district of confinement."); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Construed as a § 2241 petition, then, exclusive jurisdiction over McCloskey's Petition would lie in the Eastern District of North Carolina. *See* 28 U.S.C. § 113(a). This Court, therefore, lacks jurisdiction to consider McCloskey's Petition pursuant to § 2241. *See United States v. Michel*, 817 F. App'x 876, 879 (11th Cir. 2020).

The Court might dismiss the Petition for lack of jurisdiction, *see Michel*, 817 F. App'x at 879, or transfer it to the district of confinement, *see* 28 U.S.C. § 1404(a). However, "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro*, 540 U.S. at 381. McCloskey asserts, by checking a box on the form petition, that he is challenging the "validity of [his] sentence as imposed," but also that "the charges are unconstitutional," pursuant to the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, ___ U.S. ___, 142 S. Ct. 2111 (2022). Doc. 1

at 2. Review of the substantive grounds McCloskey asserts belies any contention that his challenge is to anything other than the validity of his conviction under §§ 922 & 924. *See id.* at 6-8. The relief he seeks is to "vacate" the allegedly "unconstitutional charges and convictions of 922([g])(3) and 924([a])(2)." *Id.* at 8. That places his Petition squarely within the ambit of § 2255, not § 2241. *See, e.g., McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id.* § 2241, to collaterally attack the legality of his sentence.").

It appears, albeit only implicitly, that McCloskey contends that his Petition is properly a § 2241 petition under the "saving clause" of 28 U.S.C. § 2255(e). *See* doc. 1 at 5 (asserting that §2255 "is inadequate or ineffective to challenge [his] conviction or sentence."). The "saving clause," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

7

sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

McCloskey's Petition contends that § 2255 is "inadequate or ineffective" because he "did not challenge the conviction on direct review because the state of the law at the time did not offer a reasonable basis for appeal." Doc. 1 at 5. " '[P]rocedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). The Eleventh Circuit has explained that to determine whether a § 2255 motion would have been inadequate, "we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a *remedy*." *McCarthan*, 851 F.3d at 1086-87 (emphasis added). "The saving clause does not allow access to section 2241 whenever a claim is untimely or procedurally defaulted otherwise the statute would render itself inadequate or ineffective." *Id.* at 1092. McCloskey's Petition is not, therefore,

8

rendered a proper § 2241 petition by application of § 2255(e), at least in the Eleventh Circuit.[3]

Rather than dismiss or transfer McCloskey's Petition, construed as a § 2241 petition, the Court will reconstrue it as a § 2255 motion. *Cf. Tooks*, 2022 WL 485227, at *1-*3 (N.D. Fla. Feb. 17, 2022) (considering treatment of a federal prisoner's § 2241 petition invoking the saving clause based on a subsequent change of law). Before the Court can consider the substance of McCloskey's pleading, construed as a § 2255 motion, he requires a *Castro* warning. *See Castro*, 540 U.S. at 383 ("the district court must notify the *pro se* litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide

---

[3] Although the Court does not evaluate the merits of McCloskey's claims construed through the lens of § 2241, and indeed lacks jurisdiction to do so, it cannot conclude that such claims are facially defective. The United States District Court for the Northern District of Florida has noted that "under Fourth Circuit law," which would apply in the Eastern District of North Carolina, *see* 28 U.S.C. §41, "a claim based upon a subsequent change in the law . . . is considered within the scope of the savings clause . . . ." *Tooks v. Dix*, 2022 WL 485227, at *3 (N.D. Fla. Feb. 17, 2022) (citing *In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000). To the extent that McCloskey wishes to pursue his Petition pursuant to § 2241 in the district where he is incarcerated, he is free to request a transfer within the period for him to make his *Castro* election, discussed below. *Cf. Tooks*, 2022 WL 485227, at *3 (noting court's discretion to transfer a petition but declining to do so as futile).

9

the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223, at * 1 (S.D. Ga. Sept. 28, 2016).

Pursuant to *Castro*, the Court warns McCloskey that it will recharacterize his motion as a § 2255 motion. If he chooses to proceed with it, he will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. He thus has three choices: (1) have his motion ruled upon as filed, but as a § 2255 motion; (2) amend the motion to include any other claims he may have; or (3) withdraw the motion entirely.[4] He has thirty days to decide what to do. If he does not thereafter affirm, supplement, or replace his original motion or notify this Court of his intent to withdraw it or seek to transfer it, the Court will proceed to rule on it as a § 2255 motion. Accordingly, the Court **DIRECTS** McCloskey to make his *Castro* election within thirty days of service of this Order. The Clerk is **DIRECTED** to furnish him with a § 2255 motion form, should he wish to amend his motion.

---

[4] As discussed in Footnote 3, *supra*, McCloskey has an effective fourth option; to request that this case be transferred so that he might pursue a § 2241 petition in the district where he is incarcerated.

**SO ORDERED**, this 26th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA